UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IGOR SAHINOV,<br><br>          Plaintiff(s),<br><br>  v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>          Defendant(s). | Case No. 2:21-CV-919 JCM (VCF)<br><br>ORDER |

  Presently before the court is defendant GEICO Advantage Insurance Company's ("Geico") partial motion to dismiss[1] plaintiff Igor Sahinov's ("Sahinov") extra-contractual allegations. (ECF No. 10). Sahinov responded in opposition (ECF No. 14), to which Geico replied (ECF No. 15).

**I. BACKGROUND**

  On or about March 15, 2019, Sahinov was injured by a nonparty in a motor vehicle collision. (ECF No. 8 at 3). The nonparty was found to be fully at fault, and Sahinov and the nonparty settled for the nonparty insurer's policy limit of $25,000. (*Id.*).

  Sahinov alleges injuries from the collision to his lumbar and cervical spine that necessitate surgeries exceeding $200,000. (*Id.*). Sahinov is also covered by an underinsured motorist ("UIM") policy through Geico, with a limit of $100,000. (*Id.* at 2).

---

[1] Geico originally sought to sever and stay Sahinov's extra-contractual claims in the alternative to dismissal. (ECF No. 10 at 2). Geico clarified in its reply that its request in the alternative was "inadvertent" (ECF No. 15 at 4), so the court only addresses the motion to dismiss.

**James C. Mahan**
**U.S. District Judge**

Between November 2019, and April 2021,[2] Sahinov and Geico engaged in back-and-forth negotiations centered around the parties' disagreement over the valuation of Sahinov's claim. (*Id.* at 3-4). Sahinov unremittingly requested the full UIM $100,000 policy amount and Geico consistently countered with an amount that, in Sahinov's view, was "unreasonably less than the claim was worth," "completely and intentionally disregarded" the expense of his needed surgery, and was "without adequate investigation and without any reasonable basis." (*Id.* at 3-4).

On March 8, 2021, Geico requested additional documentation from Sahinov regarding his injuries, treatment, and incurred expenses; Sahinov provided those medical records and reports on April 7, 2021. (*Id.*). Geico evaluated the additional records and on April 12, 2021, presented another offer of compensation that Sahinov found unsatisfactory. (*Id.*). Notably, Sahinov does not include any specific dollar amounts of the negotiations between the parties.

On May 11, 2021, Sahinov filed his first complaint in federal court based on diversity jurisdiction. (ECF No. 1). He timely filed his first amended complaint on June 22, 2021 (ECF No. 8)—the operative complaint—following Geico's first motion to dismiss on June 8, 2021. (ECF No. 5). Geico subsequently filed its second motion to dismiss on July 6, 2021 (ECF No. 10), which is the motion the court addresses now.

In the operative complaint, Sahinov alleges (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) bad faith, and (4) violation of Nevada's Unfair Claims Practices Act under Nevada Revised Statute § 686A.310. (ECF No. 8). Geico moves to dismiss Sahinov's extra-contractual claims found in the second, third, and fourth causes of action. (ECF No. 10).

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*

---

[2] A one-year gap in negotiations between March 2020 and March 2021 is unexplained by the parties.

**James C. Mahan**
**U.S. District Judge**

- 2 -

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III.    DISCUSSION

An insured can bring a claim for the implied covenant of good faith and fair dealing under any contract. *See Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007). Collateral to this contractual relationship is a special relationship between an insurer and insured, which can give rise to tort liability for bad faith. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 325–26 (Nev. 2009). Claims that

**James C. Mahan**
**U.S. District Judge**

address *how* insurers handle insureds' claims can be brought under the Nevada Unfair Claims Practices Act. NEV. REV. STAT. § 686A.310 et seq. The court addresses these claims in turn.

### A. Breach of implied covenant of good faith and fair dealing

A covenant of good faith and fair dealing is implied in every contract under Nevada law. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). The covenant "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson*, 163 P.3d at 427.

A contractual breach of the implied covenant, however, cannot be based on the same conduct as a breach of contract. *Hilton Hotels Corp.*, 808 P.2d at 922–23. This is because a breach of covenant claim requires "literal compliance" with the contract while alleging a party "deliberately countervene[d] the intention and spirit of the contract." (*Id.*). The two claims can be alternative theories of liability but "all elements of each cause of action must be properly pleaded." *Id.* (internal citations and quotations omitted).

Sahinov alleges that Geico breached the implied covenant of good faith and fair dealing both by refusing to pay benefits without a reasonable basis and by relying on a separate 'evaluation' rather than Sahinov's findings for the extent and cause of his injuries. (ECF No. 8 at 6.).

For his breach of contract claim, Sahinov similarly alleges Geico breached by failing to adequately investigate his claims in good faith and by refusing to pay him reasonable benefits. (*Id.* at 5).

Because Sahinov relies on the same allegations for his implied covenant and contract claims—and does not adequately allege literal compliance with the contractual terms required for a breach of implied covenant—Sahinov fails to state a claim upon which relief can be granted.

Accordingly, Geico's motion to dismiss Sahinov's breach of implied covenant of good faith and fair dealing claim is GRANTED.

. . .

. . .

### B. Bad Faith Claim

James C. Mahan
U.S. District Judge

- 4 -

Collateral to a contractual covenant is a special, fiduciary-like relationship between an insurer and insured, which can give rise to tort liability for bad faith. *Miller*, 212 P.3d at 325–26. The insurer has a duty to defend and a duty to indemnify and generally must, at a minimum, "equally consider the insured's interests and its own." *Id.* at 324, 326. However, Nevada law does not expressly recognize a duty for the insurer to consider the insured's interests before denying a claim. *Goodrich v. Garrison Prop. & Cas. Ins. Co., Inc.*, 526 F. Supp. 3d 789 (D. Nev. 2021).

To state a claim for bad faith, the insured must plausibly allege that: (1) an insurer denied a claim; (2) without any reasonable basis; and (3) with the knowledge or reckless disregard of any reasonable basis to deny coverage. *See Falline v. GNLV Corp.*, 107 Nev. 1004, 1009 (Nev. 1991). Bad faith requires an insurer was actually or impliedly aware that there was no reasonable basis to deny the claim. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986) (per curiam).

A bad faith claim is subject to dismissal if the insurer shows a genuine dispute as to coverage. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669–70 (9th Cir. 2003) (interpreting bad faith under California law); *Ragonesi v. Geico Cas. Co.,* No. 2:20-cv-1280-JCM-EJY, 2020 WL 7643225, at *3 (D. Nev. Dec. 23, 2020). No genuine dispute exists when "the insurer failed to conduct a thorough investigation." *Feldman*, 322 F.3d at 669. Ultimately, there can be no finding of bad faith when an insurer has a reasonable basis to deny coverage. *Sherwin v. Infinity Auto Ins. Co.*, No. 2:11-cv-0043-APG-GWF, 2013 WL 5918312, *3 (D. Nev. Oct. 31, 2013), *aff'd*, 639 F. App'x 466 (9th Cir. 2016).

Sahinov alleges Geico acted in bad faith because it had the necessary information to evaluate his claim yet refused to compensate him. (ECF No. 8 at 7). This conclusory allegation does not rise above the *Tombly/Iqbal* pleading threshold.

Sahinov further alleges that Geico failed to adequately investigate his claim because it conducted a "self-serving" investigation and Geico was "actually and/or impliedly aware" that there was no reasonable basis to deny his claim and not pay the full amount of the UIM policy. (ECF No. 8 at 7).

**James C. Mahan**
**U.S. District Judge**

Again, these claims rely on "labels and conclusions" to support a theory of liability. While Sahinov sufficiently pleads—and no one disputes—that Geico denied his claim, he insufficiently pleads that Geico did so without any reasonable basis and with knowing and reckless disregard of any reasonable basis.

First, Geico contends the parties genuinely dispute the value of Sahinov's medical injuries based on competing medical evaluations, which provides a reasonable basis for denial. (ECF No. 10 at 5); *Feldman*, 322 F.3d at 669–70. Sahinov's factually deficient allegations that Geico's findings constitute an inadequate investigation and do not provide a reasonable basis for denial are conclusory and merely reflect disagreement between the parties. (ECF No. 8). Such a disagreement is not grounds for a bad faith claim.

Second, Sahinov's argument that Geico's investigation was "self-serving" and thus an improper basis for reasonable denial falls short. This court has previously held that Nevada law does not expressly recognize a duty for insurers to consider the "interests" of an insured before denying a claim. *Goodrich*, 526 F. Supp. 3d. The court is not persuaded that Geico's hiring of a private investigator and conducting a recorded interview indicates bad faith rather than the ordinary course of investigating claims. (ECF No. 8 at 3-4).

Third, Sahinov's failure to specify any specific monetary figures in his negotiations with Geico makes it difficult for the court to sufficiently analyze whether one party was acting in bad faith. Instead, Sahinov relies on broad statements such as "extremely less than the claim is worth." (ECF No. 8 at 3-4). Such statements do not withstand 12(b)(6) scrutiny.

Finally, Sahinov offers only bare assertions to support his contention that Geico acted with "reckless disregard" in denying his claim. Sahinov broadly pleads that Geico "intentionally disregarded" his necessary surgery in its offer and was "actually and/or impliedly aware" of no reasonable basis to deny him the full policy limit—with no supporting facts. (ECF No. 8 at 4, 7). The court is not required to accept such conclusory allegations. Thus, Sahinov's pleadings do not cross the threshold from conceivable to plausible.[3]

---

[3] Significantly, Sahinov erroneously states that the "claims need [only] be generally pleaded as Nevada is a notice-pleading state" and that the "main purpose of the complaint" is to "put Defendant on notice." (ECF No. 14 at 6 and 8). While Nevada may be a notice-pleading

Accordingly, Geico's motion to dismiss the bad faith claim is GRANTED.

### C. Unfair Claims Practices Act under NRS 686A.310

The Nevada Unfair Claims Practices Act, NRS § 686A.310, addresses "the manner in which an insurer handles an insured's claim." *Zurich Am. Ins. Co. v. Coeur Rochester*, *Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010) (internal quotation omitted). The statute lists sixteen activities that constitute unfair practices. NRS § 686A.310(1)(a)-(p). When an insurance company engages in one of these prohibited activities, the insured may bring a private right of action against the insurer for violations of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F.Supp. 900, 903 (D. Nev. 1994).

Sahinov alleges Geico engaged in five unfair practices, citing language from subsections (c), (d), (e), (f), and (n) of NRS 686A.310.[4] (ECF No. 8 at 8–9). He incorporates the same facts as those supporting his bad faith claims. (ECF No. 14 at 7). Geico contends that Sahinov alleges "no specific facts that match up with any of the proscribed acts set forth in the relevant portions of

---

state, federal court is not. The pleading standards under *Twombly* and *Iqbal* are more robust and require claims to rise to a level of plausibility, not mere conceivability.

[4] **NRS 686A.310   Unfair practices in settling claims; liability of insurer for damages.**
  1. Engaging in any of the following activities is considered to be an unfair practice:
  . . .
  (c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.
  (d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.
  (e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.
  (f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.
  . . .
  (n) Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.
  . . .

James C. Mahan
U.S. District Judge

- 7 -

the Unfair Claims Practices Act that rises to the level of plausibility." (ECF No. 15 at 3). The court agrees.

For Sahinov's claims under subsections (c), (d), (e), (f), and (n) of NRS 686A.310, his allegations are verbatim language from the statute. This type of formulaic recitation of the elements is precisely what the Supreme Court sought to forestall in 12(b)(6) motions with the *Twombly/Iqbal* pleading standard. For the same reasons discussed above in the court's bad faith analysis, Sahinov fails to plead facts with adequate specificity to state any claim under NRS 686A.310.

Accordingly, Geico's motion to dismiss the claim of violation of the Unfair Claims Practices Act under NRS 686A.310 is GRANTED.

## IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Geico's partial motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED. Sahinov's causes of action (2), (3), and (4) are DISMISSED without prejudice.

IT IS FURTHER ORDERED that the antecedent motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED as moot.

DATED October 25, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -